NELSON, Respondent v. MINDER et al (Redline, Appellant).

(169 N. W. 549).

(File No. 4406. Opinion filed Nov. 29, 1918).

(1).   Judgments—Opening Default, Defendant's Excusable Neglect—
       Rule Stated.

   Whether or not a party's neglect will be construed excusable within meaning of statutes, depends upon surrounding circumstances; courts should be liberal in relieving a defendant from default, if reasonable excuse is shown and he appears to have a meritorious defense; the right to relief not being absolute, but resting largely in trial court's discretion; which descretion, if not abused, will remain undisturbed on appeal.

**(2).  Judgments—Trial, Defendant's Non-Appearance—Attorney's Reliance on Co-Defendant Attorney's Information re Date of Trial—Whether Neglect Excusable—Statute.** ·          \

Where the trial was had in a county some 200 miles from defendant attorney's residence, and the latter, after exchange of numerous telegrams and letters between himself and a co-defendant's attorney residing in county of trial, concerning the status of the trial calendar at term; such resident attorney having written defendant-appellant's attorney that he would arrange definitely so that the case would not be tried that week and would later advise him when case would be reached for trial; later said resident attorney wired the other he would let him know the time when case would 'be reached, and later wrote him that it looked as though the criminal cases would be finished that week, that the case in question would be the first case on the succeeding Monday, and that he would wire him again giving him more definite information and a still later letter from the resident attorney advised that criminal calendar was finished and that the case in question would be first for trial Monday, which letter appellant's counsel swears he never received; and no further information having been sent; to which last letter appellant's attorney replied advising that he would "await message"; he afterward wiring the resident attorney for advices; thereafter the resident attorney wrote advising appellant of trial of the case "the early part of the week"; and appellant immediately took steps to have the judgment vacated. Before the cause was called and tried, said resident counsel advised trial court he had notified appellant's counsel the case would be reached Monday. **Held,** that trial court was justified in allowing cause to go to trial; but that under the circumstances shown, and from the fact that said resident counsel was an officer of court, appellant's counsel acted as a prudent attorney was justified in acting, and the judgment ■should have been re-opened upon defaulting defendant's application.

**(3).  Judgments—Relief From Default, Terms of Relief, Stated.**

Where, upon the facts shown upon an application for relief from a default judgment taken upon a trial in absence of the moving defendant's counsel, it appears that good ground for such relief was shown, the opposite party not being at fault, Supreme Court will require appellant, who appeals from an order refusing to re-open the case, to pay as terms upon opening the default, the sum of $25.

· Appeal from Circuit Court, Robert County. HON. THOMAS L. BOUCK, Judge.

Action by N. H. Nelson, against John L. Minder and others.

From an order of trial court denying a motion of defendant Fred Redline to open a default judgment entered upon trial of the action, said defendant appeals. Reversed, and remanded with directions.

*Roscoe Satterlee,* and *T. J. Spangler,* for Appellants.

*Geo. S. Rix,* and *Thomas Mani,* for Respondents.

(1) To point one of the opinion, Appellant cited:

15 Standard Encyc. of Procedure, p. 171; 23 Cyc., p. 935; Westbrook v. Rice, N. D., 148 N. W. 827; Acheson v. Ingles Bros., Iowa, 135 N. W. 632; Western Surety Co. v. Boettcher, 36 S. D., 584.

WHITING, P. J. To plaintiff's complaint, appellant entered a separate answer pleading a meritorious defense. The cause was noticed for trial by both plaintiff and appellant. When it was reached for trial appellant was not present, a jury was called, plaintiff introduced evidence, a verdict was returned for plaintiff and a judgment entered thereon. Appellant, as soon as he learned of such judgment, applied with due diligence to have the same opened up that he might be allowed to defend. He based such application upon the ground of excusable neglect. The trial court denied the relief asked, and, from such ruling, this appeal was taken.

[1] The following propositions stand conceded: Whether or not the neglect of a party will be construed excusable within the meaning of the statutes depends upon the circumstances surrounding each individual case. Courts should be liberal in relieving a defendant of default, if reasonable excuse is shown and he appears to have a meritorious defense, to the end that cases may be determined on their merits. The right to be relieved of a default is not absolute, but rests largely in the discretion of the trial court; and if that discretion is not abused the trial court's order will not be reversed.

The undisputed, material facts are as follows: This cause was pending in Roberts county. The defendant Minder was represented by an attorney resident at Sisseton, the county seat of that county. Appellant's attorney resided at Mitchell, some 200 miles away. The term of court was set to open on December 3d. Appellant's counsel was furnished a printed calendar showing some 30 criminal causes pending, and, besides these, a number of civil

causes, of which this one was No. 18.   On December 3d both appellant and his attorney had to be in Pierre in attendance upon court.   Because of this fact appellant's attorney prepared and sent to the attorney for defendant Minder an affidavit upon which, if it became necessary, he asked such attorney to base a request for the postponement of this case until appellant and his attorney could reach Sisseton.   Appellant's counsel also communicated with the clerk of the trial court, who, on December 4th, Tuesday, wired him that the criminal work would apparently take the "biggest part of this week."   In answer to the letter written to Minder's counsel, such counsel, on December 3d, wrote advising appellant's counsel that he would arrange definitely so that this case would not be tried that week, and would later advise him as nearly as possible when such case would be reached.   On December 4th appellant's counsel wrote Minder's counsel advising him that, because of distance and difficulty in telephoning, he found it difficult to keep posted as to when the case would be reached and requesting such counsel to notify him "by wire" when the case would be reached, and asking answer by wire.   On December 5th Minder's counsel wired that he would let appellant's counsel know the time the case would be reached.   On December 6th Minder's counsel wrote to the effect that the criminal calendar was rapidly disappearing, and that "it now looks as though we would just about finish the criminal cases this week, and in which event the Redline case would be the first case Monday, December 10th."   In this letter appellant's counsel was advised as to train he would need to take to get to Sisseton on Monday, but this letter closed, "I will wire you again giving you more definite information."   Minder's counsel wired no further information.   On December 12th appellant's counsel wrote Minder's counsel, acknowledging the letter of the 6th, and advising that, "I * * * await your message."   On December 14th appellant's counsel wired for advice.   On December 16th Minder's counsel wrote advising appellant of the trial of the cause "the early part of the week."   Appellant immediately took steps to have the judgment vacated.   It also appears that on the afternoon of December 6th Minder's counsel wrote a letter to appellant's counsel advising him that the criminal calendar was finished, and that this case would be the first for trial Monday.   Appellant's counsel swears he never received

this letter. Before the cause was called and tried, Minder's counsel advised the trial court that he had notified appellant's counsel that the case would be reached Monday.

[2] It is clear from the above that the trial court was fully justified in allowing the cause to go to trial. We are, however, of the opinion that counsel for appellant acted as a prudent attorney was justified in acting—that it was highly proper for him to rely · for advice upon counsel appearing for the codefendant. It must be borne in mind that such counsel was an officer of the court. We believe that, in view of the fact that such officer of the court had written him that he would wire him more definite information, he had, not having received the second letter written to him on December 6th, a right to rest in full confidence that he would be advised in time to reach Sisseton for the trial of said cause.

[3] Respondent not being at fault, appellant should be required to pay terms upon the granting of the relief sought. In view of all the facts appearing we deem $25 adequate terms.

The order appealed from is reversed, and the cause remanded to the trial court, with directions to enter an order that the judgment against appellant will be vacated upon the payment of $25 terms to plaintiff.